IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SCOTT REILLY**,<br><br>        Plaintiff,<br><br>    v.<br><br>**CITY OF AURORA**, JAMES F. MEIROW, JAN VLECK, GREGORY M. TAYLOR, SHERRI ROBERTS, WILLIAM SAHLIN, SCOTT BROTHERTON.<br><br>        Defendants. | Case No. 6:11-cv-06235-SI<br><br>**OPINION AND ORDER** |

Edie Rogoway Van Ness, Rogoway Green LLP, 0324 S.W. Abernathy Street, Portland, Oregon 97239, and Samantha Copeland, 10200 S.W. Greenburg Road, Suite 340, Portland, Oregon 97223.  Attorneys for Plaintiff.

Kimberlee C. Morrow, and Mark Sherman, Hart Wagner LLP, 1000 S.W. Broadway, Portland, Oregon 97205.  Attorneys for Defendant.

PAGE 1, OPINION AND ORDER

**SIMON, District Judge.**

On November 2, 2012, the Court entered the parties' stipulated dismissal of several of Plaintiff's claims. Dkt. 42. On November 9, the Court heard oral argument on Defendants' motion for partial summary judgment. Dkts. 28, 43. The Court granted in part and denied in part Defendants' motion. Dkt. 43. The Court also took under advisement Defendants' motion for partial summary judgment relating to Plaintiff's claim against the City of Aurora for wrongful discharge under Oregon common law. For the reasons that follow, that motion is granted and Plaintiff's claim against the City of Aurora alleging wrongful discharge is dismissed.

## I.     JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 2201. It has supplemental jurisdiction over Plaintiff's state law claims under 42 U.S.C. § 1367.

## II.    SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's positions [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). Where "the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

## III.   DISCUSSION

In its motion, Defendant City of Aurora argues that it is entitled to summary judgment against Plaintiff's claim of wrongful discharge under Oregon common law because Plaintiff's § 1983 claims, which Defendants have not moved against, provide an adequate remedy for Plaintiff and therefore preclude his wrongful discharge claim under Oregon law.  Plaintiff responds that he might fail to meet his burden under § 1983 and thus a remedy under that law might be unavailable to him.

In this District, the analytical framework for evaluating an argument such as this was persuasively set forth in a Findings and Recommendation by Magistrate Judge Stewart, which Judge Marsh adopted in full.  As explained by Judge Stewart:

> As a general rule, a § 1983 remedy supplements, rather than supplants, any available state law remedies. *See Monroe v. Pape,* 365 U.S. 167, 183 (1961), *overruled in part on other grounds by Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1978).  Nevertheless, under Oregon law, an adequate existing federal remedy may bar a common law wrongful discharge claim.  *Walsh [v. Consolidated Freightways, Inc.],* 278 Or. [347] at 352 [(1977)].
>
> A § 1983 claim will not always provide a remedy adequate to preclude an action for wrongful discharge.  For instance, a § 1983 claim ordinarily is unavailable against private employers.  It also is subject to unique defenses, such as qualified immunity.  On the facts of this particular case, however, § 1983 does provide an adequate remedy.  All defendants admittedly acted under color of state law.  For the reasons set forth later in this opinion, it appears that defendants will not be entitled to qualified immunity (assuming, of course, that Draper can prove her allegations). . . .
>
> Finally, for purposes of this case, the elements of Draper's *prima facie* case are substantially similar for both claims.  For each claim, Draper will have to prove an adverse employment action (the termination), that she engaged in protected activity, and causation (that she was terminated in retaliation for having engaged in that protected activity).  Likewise, to prevail on her § 1983 claim, Draper will have to demonstrate that the

PAGE 3, OPINION AND ORDER

> speech in question concerned issues of public importance. . . . Given the nature of her allegations in this particular case—and this may not be true in every wrongful discharge case—Draper will have to satisfy essentially the same "public importance" standard in order to establish her *prima facie* case of wrongful discharge. . . .
>
> . . . .
>
> This court concludes that Draper has an adequate remedy under § 1983 and declines to provide her with an additional tort remedy that (at least in this case) is essentially duplicative of the § 1983 remedy. Accordingly, defendants' summary judgment motion should be granted with respect to the wrongful discharge claim.

*Draper v. Astoria School Dist. 1C*, 995 F.Supp. 1122, 1131-32 (D. Or. 1998) (abrogated on other grounds by *Rabkin v. Or. Health Sciences Univ.*, 350 F.3d 967, 971 (9th Cir. 2003)); *see also Baynton v. Wyatt*, 411 F. Supp. 2d 1223, 1225 (D. Or. 2006).

Defendants argue:

> In this case, plaintiff predicates his Section 1983 claim on the same alleged conduct as his wrongful discharge claim. Under both claims, plaintiff alleged that the City discriminated and retaliated against him because of his efforts at unionizing the police department. (Pl.'s Compl. ¶¶ 34, 35, 112.) If successful in his statutory claim, he will recover for all of his damages, including economic and noneconomic damages and his attorney's fees. There is no need for a claim of wrongful discharge since, to the extent plaintiff has any claim against defendants, he is fully protected under his Section 1983 claim. Because plaintiff has an adequate remedy in his Section 1983 remedy, his wrongful discharge claim should be precluded.

Defs.' Mem. at 19-20 (Dkt. 29).

Plaintiff responds by stating: "If Plaintiff were to fail to meet the requisite burden of proof to impose liability upon Defendans under 42 U.S.C. § 1983, the expanded remedies under § 1983 may no longer be available." Plf's Resp. at 22. Plaintiff, however, fails to identify any element of Plaintiff's *prima facie* case under § 1983 that is materially different from what will be required to prove Plaintiff's *prima facie* claim of common law wrongful discharge.

PAGE 4, OPINION AND ORDER

Following the methodology of *Draper,* for each claim, Mr. Reilly will have to prove an adverse employment action (the termination), that he engaged in protected activity, and causation (that he was terminated in retaliation for having engaged in that protected activity). Likewise, to prevail on his § 1983 claim, Mr. Reilly will have to demonstrate that the speech in question concerned issues of public importance. Given the nature of his allegations in this particular case—and, as the Court noted in *Draper*, this may not be true in every wrongful discharge case—Mr. Reilly also will have to satisfy essentially the same "public importance" standard in order to establish his *prima facie* case of wrongful discharge.

In this case, the City of Aurora does not deny that it has acted "under color of state law" or that the qualified immunity doctrine applies only to protect individual state and local officials, not a municipality itself. Further, Defendants do not argue otherwise. *See., e.g.,* Answer (Dkt. 7), Eighth Affirmative Defense (asserting qualified immunity only on behalf of the individual defendants). Thus, there is no element of Plaintiff's claim under § 1983 that is at issue that Plaintiff would not also have to proof in order to prevail in his claim of wrongful discharge under Oregon common law. Finally, the standard of proof (preponderance of the evidence) is the same under both claims. *See Draper,* 995 F. Supp. at 1131.

In response to Defendants' motion, Plaintiff relies primarily on *Dier v. City of Hillsboro*, No. 02-cv-24-BR, 2004 WL 1243845 (D. Or. March 18, 2004). In *Dier,* the plaintiff alleged civil rights claims against the defendants, including the City of Hillsboro, under 42 U.S.C. §§ 1981, 1983, and 1985. The plaintiff also alleged supplemental state law claims. The court granted partial summary judgment to the defendants, dismissing the plaintiff's claims under §§ 1981, 1983, and 1985 because the plaintiff was unable to satisfy a basic predicate of municipal liability under those statutes, Under well-established law, a municipality cannot be

PAGE 5, OPINION AND ORDER

liable under § 1983 based on a theory of respondeat superior. *Dier,* at \*6 and \*9-10 (citing *Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir. 1995)). After dismissing the plaintiff's claim under § 1983, the Court denied the defendants' motion to dismiss the plaintiff's claim of common law discharge. As the Court explained:

> Under the particular circumstances of this case, this Court concludes there is no adequate statutory remedy available to Plaintiff against this Defendant under § 1983 because, as a matter of law, Defendant could never be liable to Plaintiff on a theory of respondeat superior for the alleged misconduct of nonpolicy-makers.
>
> Accordingly, the Court concludes Defendant is not entitled to summary judgment on Plaintiff's claim for common law wrongful discharge.

*Dier,* at \*11. Because Mr. Reilly does not base his § 1983 claim against the City of Aurora on a theory of respondeat superior, but instead directly challenges the actions of the City's elected Mayor and elected city council, *Dier* is factually distinguishable and inapplicable.

### III.    CONCLUSION

Defendant's motion for partial summary judgment (Dkt. 28) concerning Plaintiff's claim against the City of Aurora for wrongful discharge under Oregon common law is GRANTED, and that claim is dismissed.

IT IS SO ORDERED.

DATED this 13th day of November, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge